# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 3, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ZOILA LOPEZ, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-1405V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Interim Attorneys' Fees and Costs. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Lorraine J. Mansfield, Law Office of Lorraine Mansfield, Las Vegas, NV, for petitioner.
Mallori B. Openchowski, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEY'S FEES AND COSTS[1]

On September 14, 2018, Zoila Lopez ("petitioner"), filed a petition in the National Vaccine Injury Program[2] alleging injuries, including Bell's palsy syndrome and paresthesia, resulting from adverse effects of an influenza ("flu") vaccination received on September 18, 2017. Petition at Preamble (ECF No. 1).

On August 3, 2020, petitioner filed a motion for interim attorney's fees and costs, requesting compensation for the attorney who worked on her case. Petitioner's Motion for

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Interim Fees and Costs ("Pet. Mot."), filed Aug. 3, 2020 (ECF No. 55).  Petitioner's request can be summarized as follows:

**Attorney's Fees** – $19,290.00
**Attorney's Costs** – $3,956.42

Petitioner thus requested a total of $23,246.42.  Respondent filed his response on August 12, 2020, stating that he "respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Aug. 12, 2020, at 4 (ECF No. 56).

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned **GRANTS** petitioner's motion and awards **$22,281.92** in attorney's fees and costs.

## I. DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim."  Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis.

### A. Reasonable Attorney's Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are

"excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

Here, petitioner requests the following hourly rates for the attorney who worked on this matter:

**Ms. Mansfield – Attorney**
2017-2020: $300.00

The undersigned finds that the requested rate is reasonable and in accordance with what this attorney has previously been awarded for her Vaccine Program work. See Waterman v. Sec'y of Health & Hum. Servs., No. 13-960V, 2015 WL 7755669 (Fed. Cl. Spec. Mstr. Nov. 6, 2015) (awarding $250.00 per hour for work performed in 2015). The undersigned will therefore award the rate requested.

Petitioner's counsel requests compensation for 64.3 hours for 2017-2020. Pet. Mot. at 2-4. However, upon review of Ms. Mansfield's fees request, the undersigned observed a number of entries related to administrative tasks. Billing for administrative tasks, even at a paralegal rate, is not permitted. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); see also Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing "reviewing invoices, setting up meetings, and making travel arrangements" as examples of administrative tasks). Some examples of Ms. Mansfield's billed administrative tasks are as follows: August 27, 2018 "mail affidavit to client"; September 14, 2018 "file petition"; November 28, 2018 "prepare medical records"; May 14, 2019 "file medical records"; May 16, 2019 "file motion to remain in the program"; January 9, 2020 "fax documents to Dr. Overall for report"; July 21, 2020 "send medical records to Dr. Rubenstein." For the reasons stated above, the undersigned will decrease the requested attorney's fees by 5%. This results in a reduction of $964.50.

**B.     Attorney's Costs**

Petitioner requests $3,500.00 for a retainer fee for Dr. Allan E. Rubenstein. Pet. Mot. at 5. Petitioner also requests $456.42 to cover their attorney's other miscellaneous expenses, including the filing fee, medical records requests, and other expenses. Id. The undersigned finds these costs reasonable and well-documented, and she will award them in full.

**II.     CONCLUSION**

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---:|
| Requested Attorney's Fees: | $ 19,290.00 |
| Reduction of Attorney's Fees: | - ($ 964.50) |
| Awarded Attorney's Fees: | $ 18,325.50 |
| | |
| Requested Attorney's Costs: | $ 3,956.42 |
| Awarded Attorney's Costs: | $ 3,956.42 |
| **Total Interim Attorney's Fees and Costs:** | **$ 22,281.92** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $22,281.92, representing reimbursement for reasonable interim attorney's fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ms. Lorraine J. Mansfield.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[3]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.