# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

(Filed: August 24, 2021)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ZOILA LOPEZ, | * | UNPUBLISHED |
| | * | No. 18-1405V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Lorraine J. Mansfield, Law Office of Lorraine Mansfield, Las Vegas, NV, for petitioner.
Mallori B. Openchowski, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 14, 2018, Zoila Lopez ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she developed Bell's palsy and paresthesia as the result of an influenza vaccination administered on September 18, 2017. Petition at 1 (ECF No. 1). On May 25, 2021, petitioner filed a stipulation of dismissal, and on the same day, the undersigned issued her order concluding proceedings pursuant to Vaccine Rule 21(a). (ECF No. 78).

On June 2, 2021, petitioner filed an application for attorneys' fees and costs. Motion for Attorney Fees and Costs (ECF No. 79). Petitioner requests compensation in the amount of

---

[1] This decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

$3,240.00, representing $3,240.00 in attorneys' fees and $0.00 in attorneys' costs. Fees App. at 1.[3] Pursuant to General Order No. 9, petitioner states she has not incurred any costs related to the prosecution of her petition. Id. at 6. Respondent filed his response on June 3, 2021, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 80). Petitioner did not file a reply thereafter.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $3,240.00.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, the undersigned previously found that good faith and reasonable basis existed at the time she awarded interim attorneys' fees and costs and the work performed from that point until the end of the case was also reasonable. Accordingly, petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

---

[3] Petitioner was previously awarded interim attorneys' fees and costs in the amount of $22,281.92 on November 3, 2020. (ECF No. 64).

2

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel, Ms. Lorraine Mansfield: $300.00 per hour for work performed in 2020 and 2021. These rates are consistent with what the undersigned has previously awarded Ms. Mansfield for her Vaccine Program work and they are reasonable for work performed herein.

### ii. Reasonable Hours Expended

The overall hours spent on this matter appear to be reasonable. The undersigned has reviewed the billing entries and finds that they adequately describe the work done on the case and the amount of time spent on that work. None of the entries appear objectionable, nor has respondent identified any entries as objectionable. Accordingly, petitioner is entitled to a final award of attorneys' fees in the amount of $3,240.00.

### II.    Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $3,240.00 |
| (Total Reduction from Billing Hours) | - |
| **Total Attorneys' Fees Awarded** | **$3,240.00** |
| | |
| Attorneys' Costs Requested | $0.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$0.00** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$3,240.00** |

**Accordingly, the undersigned awards a lump sum in the amount of $3,240.00, representing attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Ms. Lorraine Mansfield.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.